**Appeal No. 25-6037**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

────────────

### LESLIE JOY MINTZ, M.D.

*Plaintiff and Appellant,*

*v.*

### NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

*Defendant and Appellee.*

────────────

Appeal from United States District Court
Central District of California
Hon. Monica Ramirez Almadani
U.S. District Court Case No. 2:24-cv-055494-MRA-MAA

────────────

### DEFENDANT-APPELLEE'S MOTION TO DISMISS APPEAL PURSUANT TO FRAP RULE 4(a)(A) AND 28 U.S.C. § 2107(a)

────────────

### BURKE, WILLIAMS & SORENSEN, LLP

Edith Sanchez Shea
eshea@bwslaw.com
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
213.236.0600

Attorneys for Defendant-Appellee,
The Northwestern Mutual Life Insurance Company

Defendant-Appellee The Northwestern Mutual Life Insurance Company ("Northwestern") hereby moves to dismiss Plaintiff-Appellant's Leslie Joy Mintz's ("Mintz") appeal for lack of jurisdiction pursuant to Federal Rule of Appellate Procedure 4, on the grounds that the notice of appeal was filed well outside the mandatory filing deadline for an appeal.

## I.

## <u>INTRODUCTION</u>

Northwestern moves to dismiss Mintz's appeal for lack of jurisdiction due to untimely filing under FRAP Rule 4(a)(1)(A), which establishes strict timing requirements for filing notices of appeal in federal court. These deadlines are jurisdictional and cannot be waived. 28 U.S.C. § 2107(a). According to FRAP Rule 4(a)(1)(A), Mintz's appeal was subject to a 30-day deadline, which began to run the day after the judgment was entered. Judgment was entered on June 13, 2025 and Mintz's appeal was not filed until 95 days after entry of judgment, on September 16, 2025. The appeal is untimely and must be dismissed.

## II.

## <u>PROCEDURAL BACKGROUND</u>

On June 13, 2025, the Court granted Northwestern's Motion to Dismiss Mintz's Second Amended Complaint, entering judgment in favor of Northwestern. (See Declaration of Edith S. Shea "Shea Dec." at ¶ 3, Exhibit A.) Mintz was

provided with notice of the final judgment on the day it was entered. *Id.* On June 20, 2025, seven days after entry of judgment, Mintz sent counsel for Northwestern an email discussing the district court's judgment. (Shea Dec. ¶ 4, Exhibit B) Mintz did not file a Notice of Appeal until September 16, 2025, 95 days after entry of the Court's final judgment. (Shea Dec., ¶ 5, Exhibit C)

## III.

## ANALYSIS

### A.     The Appeal Deadline Is Mandatory and Jurisdictional

Pursuant to FRAP Rule 4(a)(1)(A), Mintz was required to file a notice of appeal within 30 days after entry of judgment with the district clerk. FRAP 4(a)(1)(A). The Supreme Court has held that statutory deadlines, such as the time period for filing a notice of appeal, are jurisdictional and mandatory. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107(a). Courts are required to dismiss untimely appeals upon knowledge of their lack of jurisdiction in such cases. *Id.* at 214.

### B.     Plaintiff's Appeal Was Untimely And This Court Lacks Jurisdiction

The District Court entered final judgment on June 13, 2025, and any appeal from that judgment was due no later than July 13, 2025. However, Mintz did not file her Notice of Appeal until September 16, 2025. Accordingly, this Court lacks jurisdiction and Mintz's appeal must be dismissed.

## IV.

## <u>CONCLUSION</u>

For the foregoing reasons, Northwestern respectfully requests that its motion be granted and that Mintz's appeal be dismissed for lack of jurisdiction.

Dated:  October 14, 2025          BURKE, WILLIAMS & SORENSEN, LLP


By: _____*s/ Edith Sanchez Shea*_____
Edith Sanchez Shea
Attorneys for Defendant-Appellee
The Northwestern Mutual Life Insurance
Company

## DECLARATION OF EDITH SANCHEZ SHEA

I, Edith Sanchez Shea, declare as follows:

1.      I am an attorney at law, licensed to practice before all the Courts in the State of California, including this Honorable Court. I am a partner with the firm of Burke, Williams & Sorensen, LLP, attorneys of record for Defendant-Appellee, The Northwestern Mutual Life Insurance Company ("Northwestern").

2.      I make this declaration based upon my own personal knowledge, and if called upon as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Motion to Dismiss Appeal Under FRAP Rule 4.

3.      Attached as **Exhibit A** is a true and correct copy of the Court's judgment of June 13, 2025, showing Notice was sent to Mintz.

4.      On June 20, 2025, Mintz sent me an email discussing the district court's judgment. (A true and correct copy of Mintz's email to me of June 20, 2025 is attached as **Exhibit B**.)

5.      Attached as **Exhibit C** is a true and correct copy of the Notice of Appeal filed by Mintz on September 16, 2025.

4928-3990-6929 v1                                     4

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 14, 2025, at Los Angeles, California.

_____
_s/ Edith Sanchez Shea_
Edith Sanchez Shea

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## J S - 6

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE [ECF 70]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion"). ECF 70. The Court read and considered the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required). The June 23, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

## I.   BACKGROUND[1]

Plaintiff Leslie Joy Mintz ("Plaintiff" or "Mintz") filed this case in Santa Barbara County Superior Court on May 23, 2024. ECF 1-1 (Compl.). Defendant The Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual") removed the case to federal court on June 28, 2024. ECF 1 (Compl.). In her initial Complaint, Plaintiff alleged as followed:

Mintz had disability income policies issued by Northwestern Mutual, Policy Nos. D963192 and D817178 (hereinafter, the "DI Policies"). Compl. ¶ BC-1. Northwestern Mutual "began diminishing the monthly amount paid to Plaintiff for two months, beginning February 2022, and then cancelled the disability insurance policy on or about April 4, 2022." *Id.* ¶ BC-2. At the time of cancellation, Mintz was 65 years old. *Id.* ¶ FR-2(b). She "continued to pay the policy premiums to keep her disability insurance polic[ies] in full force and effect." *Id.* ¶ FR-5.

---

[1] The factual background is described as alleged in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

Northwestern Mutual "failed to inform [her] that the disability insurance policy was conditionally renewable to age 75." *Id.* ¶ FR-2. Plaintiff stated that she "met all the conditions known to her at the time" and was "not informed that she needed to work full-time for a period of one year prior to cancellation in order to continue the polic[ies] for 10 years." *Id.* ¶ FR-2(b). As a result of cancellation of the DI Policies, Plaintiff "suffered loss of income, housing, durable goods, and her health worsened considerably." *Id.* ¶ FR-6. On these allegations, Plaintiff's Complaint stated claims for breach of contract and fraud.

On November 18, 2024, the Court granted Defendant's Motion to Dismiss the Complaint without prejudice. ECF 27. The Court held that Plaintiff had not alleged that Northwestern breached the terms of the DI Policies and "[did] not allege the who, what, when were, and how of her fraud claim." *Id.* at 4. On January 7, 2025, Plaintiff filed a First Amended Complaint ("FAC"). ECF 35. On March 12, 2025, the Court granted Defendant's unopposed Motion to Dismiss the FAC, observing that the FAC appears to improperly seek summary judgment and does not identify any causes of action against Defendant or add any new material factual allegations in support of the previously alleged claims. ECF 48 at 2. The Court once more held that "[t]he terms of the DI Policies speak for themselves. Based on Plaintiff's allegations in her Complaint and FAC, it is clear that she received the maximum benefits to which she was entitled under the DI Policies" and that Defendant complied with the policy terms. *Id.* at 4. The Court further held that Plaintiff had not stated a fraud claim because she "d[id] not offer sufficient factual support for her allegations that the DI Policies were the products of forgery, nor does she identify any other factual basis for her fraud claim." *Id.* at 5.

On April 17, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC"), ECF 61, alleging as follows: Between 1993 and 2001, Mintz underwent several medical procedures. *Id.* ¶¶ 5-8. The resulting neurological symptoms were misclassified as psychiatric, which led to Mintz being involuntarily hospitalized. *Id.* ¶ 10. Plaintiff suffered post-traumatic stress disorder and was deprived of meaningful surgical intervention and disability accommodations. *Id.* ¶ 11. At some point, Plaintiff began receiving long-term disability benefits under a policy issued by Northwestern Mutual. *See id.* ¶ 12. Plaintiff was then "fraudulently denied" long-term disability benefits "despite continuous objective medical evidence supporting her claim." *Id.* Northwestern Mutual "falsely represented that Plaintiff received $9,326.80 per month for 28 years" and "engaged in spoliation of records, concealment of evidence, and systemic obstruction of Plaintiff's access to judicial redress." *Id.* ¶¶ 13-14. On these factual allegations, Plaintiff now alleges 10 claims against Northwestern: (1) fraud and intentional misrepresentation, (2) breach of contract and duty of good faith, (3) spoliation of evidence, (4) constructive fraud and breach of fiduciary duty, (5) medical malpractice and failure to treat infection, (6) elder abuse, (7) denial of equal protection and due process, (8) identity theft and unauthorized use of data, (9) legal

---

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

malpractice and failure to disclose conflicts, and (10) abandonment of care and psychiatric misclassification. *Id.* at 3.

On May 1, 2025, Defendant filed the instant Motion. ECF 70. Plaintiff did not file an opposition.[2] On June 6, 2025, Defendant filed a Reply, noting that Plaintiff failed to oppose and "has been given every opportunity to state a viable cause of action against Northwestern Mutual, but she has not done so." ECF 73 at 1.

## II. DISCUSSION

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A *pro se* pleading, however, shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

The Court has twice dismissed Plaintiff's breach of contract and fraud claims against Defendant, and Plaintiff's SAC does not correct any of the deficiencies identified in the Court's prior Orders. If anything, the SAC contains *even fewer* material facts than the prior pleadings. Plaintiff's SAC impermissibly relies on conclusory statements that Defendant "fraudulently

---

[2] Failure to oppose may be deemed consent to the granting of a motion. L.R. 7-12.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

denied" her long-term disability benefits and "falsely represented" the extent of those benefits. These bare assertions fail to plausibly allege that Defendant breached the terms of the DI Policies or committed fraud. The SAC alleges numerous other claims for relief against Defendant, none of which are viable. Plaintiff does not identify any of the elements of these other claims, nor are they supported by any of the allegations in her SAC or prior pleadings. Moreover, it is inconceivable that Defendant, an insurer, can be held liable for denial of equal protection and due process, legal malpractice, "abandonment of care," and "psychiatric misclassification." Even affording Plaintiff the benefit of any doubt, the Court finds that Plaintiff has failed to state any claim against Defendant. Accordingly, the Court **GRANTS** Defendant's Motion.

### B. Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that, once the deadline for leave to amend as a matter of course has expired, a party may amend its pleading only after obtaining leave of the court or by consent of the adverse party. In general, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). A *pro se* complaint shall not be dismissed without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 845 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)). Here, the Court, having twice granted Plaintiff an opportunity to state a viable claim, now finds it "absolutely clear" that further amendment would be futile and therefore **DENIES** leave to amend.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the SAC is **GRANTED** without leave to amend. This action is **DISMISSED** with prejudice. The Clerk shall treat this Order as an entry of judgment. L.R. 58-6.

**IT IS SO ORDERED.**

                                                              -   :   -

Initials of Deputy Clerk        gga

**EXHIBIT A**

**Berton, Mary**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Friday, June 13, 2025 1:48 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-05494-MRA-MAA Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company Order on Motion to Dismiss Case |

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered on 6/13/2025 at 1:47 PM PDT and filed on 6/13/2025

**Case Name:** Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company

**Case Number:** 2:24-cv-05494-MRA-MAA

**Filer:**

**WARNING: CASE CLOSED on 06/13/2025**

**Document Number:** 74

**Docket Text:**

**MINUTES (IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT WITH PREJUDICE [ECF 70] by Judge Monica Ramirez Almadani. For the foregoing reasons, Defendant's Motion to Dismiss the SAC is GRANTED without leave to amend. This action is DISMISSED with prejudice. ( MD JS-6. Case Terminated ) (lom)**

**2:24-cv-05494-MRA-MAA Notice has been electronically mailed to:**

Edith S Shea    mberton@bwslaw.com, eshea@bwslaw.com

Leslie Joy Mintz    ciriusproblem@icloud.com

1

**EXHIBIT A**

**2:24-cv-05494-MRA-MAA Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

2

**EXHIBIT A**

# EXHIBIT B

# EXHIBIT B

-----Original Message-----
From: Leslie Mintz MD <ciriusproblem@icloud.com>
Sent: Friday, June 20, 2025 12:59 PM
To: Shea, Edith <EShea@bwslaw.com>
Subject: Dismal with Prejudice

[EXTERNAL]

Dear Edith:

After checking the PACER DOCKET, I feel like an idiot.

As my life is upside down and I do have an attorney I will meet next week, it appears that I busted my butt to try and put this appalling case on.

This is far from over.  Have a lovely weekend.  Today is definitely the longest day of the year.

Or perhaps tomorrow will be.

Reguards,
Leslie
Sent from my iPhone

1

**EXHIBIT B**

# EXHIBIT C

# EXHIBIT C



FILED
CLERK, U.S. DISTRICT COURT
09/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY_____GSA_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Leslie Joy Mintz, M.D.,

Plaintiff,

v.

Northwestern Mutual Life Insurance Company,

Defendant.

**EXHIBIT C**

Case No.: 2:24-cv-05494-MRA (MAAx)

# NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Leslie Joy Mintz, M.D., hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment entered on June 13, 2025, and from all orders and rulings adverse to Plaintiff, including but not limited to the order dismissing the action with prejudice.

Dated: September 16, 2025

Respectfully submitted,

Leslie Joy Mintz, M.D.

Plaintiff, Pro Se

7007 Tyrone Ave.

Van Nuys, CA 91405

805 280 6386

ciriusproblem@icloud.com

**EXHIBIT C**

Signature: _Leslie Joy Mintz, MD_

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I caused a true and correct copy of the foregoing Notice of Appeal to be served on counsel for Defendant by Email:

Edith Sanchez Shea

Burke, Williams & Sorensen, LLP

444 South Flower Street 40th Floor

Los Angeles, CA  90071-2953

I further certify that the original of the foregoing was filed with the Clerk of the Court for the United States District Court, Central District of California.

Dated: September 16, 2025

**EXHIBIT C**

Respectfully submitted,

Leslie Joy Mintz, M.D.

Plaintiff, Pro Se

7007 Tyrone Ave.

Van Nuys, CA 91405

805 280 6386

Ciriusproblem@icloud.com


Signature: _Leslie Joy Mintz, MD_

**EXHIBIT C**

**Berton, Mary**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, September 22, 2025 10:34 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-05494-MRA-MAA Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company Notice of Appeal to 9th Circuit Court of Appeals |

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 9/22/2025 at 10:32 AM PDT and filed on 9/16/2025

| | |
|---|---|
| **Case Name:** | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company |
| **Case Number:** | 2:24-cv-05494-MRA-MAA |
| **Filer:** | Leslie Joy Mintz |

**WARNING: CASE CLOSED on 06/13/2025**

**Document Number:** 75

**Docket Text:**
**NOTICE OF APPEAL to the 9th CCA filed by plainitff Leslie Joy Mintz. Appeal of Order on Motion to Dismiss Case, [74] Filed On: 6/13/25; Entered On: 6/13/25; Filing fee $ 605. Billed. (mat)**

**2:24-cv-05494-MRA-MAA Notice has been electronically mailed to:**

Edith S Shea    mberton@bwslaw.com, eshea@bwslaw.com

Leslie Joy Mintz    ciriusproblem@icloud.com

**2:24-cv-05494-MRA-MAA Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

# EXHIBIT C

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** | 25-6037

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address):*

Leslie Joy Mintz, M.D.
Plaintiff-Appellant, Pro Se
7007 Tyrone Ave.
Van Nuys, CA 91405
Email: ciriusproblem@icloud.com

**Description of Document(s)** *(required for all documents)*:

Defendant-Appellee's Motion to Dismiss Appeal Pursuant to FRAP Rule 4(a)(A) and 28 U.S.C. Section 2107(a)

**Signature** | *s/ Edith Sanchez Shea* | **Date** | October 14, 2025

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 15**                                                 *Rev. 12/01/2018*
4912-4643-6978 v1