UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESLIE JOY MINTZ, M.D.,

Plaintiff–Appellant,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant–Appellee.

No. 25-6037

*(Appeal from the United States District Court*

*for the Central District of California)*

District Court Case No. 2:24-cv-05494-MRA

Hon. Monica Ramirez Almadani, District Judge

OPENING BRIEF OF PLAINTIFF–APPELLANT

LESLIE JOY MINTZ, M.D., PRO SE

Plaintiff–Appellant (Pro Se):
Leslie Joy Mintz, M.D.
14435 Sherman Way, Suite 104, PMB 42
Van Nuys, CA 91405
Telephone: (805) 280-6386
Email: ciriusproblem@icloud.com

## I. INTRODUCTION

This appeal concerns the denial and underpayment of benefits under a non-cancelable, guaranteed renewable disability income insurance policy issued by Northwestern Mutual Life Insurance Company ("Northwestern Mutual") to Plaintiff–Appellant Leslie Joy Mintz, M.D.

The policy promises benefits when the insured becomes unable to perform the principal duties of her occupation. That is what happened here. Plaintiff became disabled within the meaning of the policy and submitted claims supported by medical documentation. Northwestern Mutual nevertheless failed to pay benefits as required, invoked exclusions that do not apply, and departed from the policy's express terms.

Insurance policies are enforced according to their plain language. AIU Ins. Co. v. Superior Court, 51 Cal.3d 807, 822 (1990). The judgment should be reversed.

## II. JURISDICTIONAL STATEMENT

The District Court had jurisdiction under 28 U.S.C. § 1332.

This Court has jurisdiction under 28 U.S.C. § 1291.

## III. ISSUES PRESENTED

Did the District Court err by failing to enforce the plain language of an "own-occupation" disability policy?

2

Did Northwestern Mutual breach the contract by denying or underpaying benefits after the policy's definition of total disability was met?

Did the insurer rely on exclusions or limitations that are not supported by the policy text?

Does Northwestern Mutual's handling of the claim constitute breach of contract and bad faith under California law?

## IV. STATEMENT OF FACTS

### A. The Policy

Northwestern Mutual issued a Disability Income Policy to Plaintiff effective April 9, 1991. The policy is expressly non-cancelable and guaranteed renewable, subject only to its written terms.

The policy provides monthly benefits upon proof of total disability. "Total disability" is defined by reference to the insured's occupation at the time disability begins. The policy and application together constitute the entire contract.

### B. Plaintiff's Occupation

At all relevant times, Plaintiff practiced in a defined professional occupation requiring physical and technical performance of specific duties. The policy defines occupation by reference to the insured's actual occupation at the onset of disability —not by later reclassification or residual work capacity.

3

## C. Disability and Claim Submission

Plaintiff became unable to perform the principal duties of her occupation. Medical records document functional limitations that prevented continued performance of those duties. Plaintiff submitted claims and supporting documentation in accordance with the policy.

## D. Denial and Underpayment

Rather than apply the policy as written, Northwestern Mutual denied or underpaid benefits. It reinterpreted Plaintiff's occupation, invoked exclusions that do not apply, and relied on claims-handling positions inconsistent with the contract.

## V. STANDARD OF REVIEW

Interpretation of an insurance contract is reviewed de novo. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc).

Unambiguous policy language must be enforced as written. Bank of the W. v. Superior Court, 2 Cal.4th 1254, 1264 (1992).

## VI. SUMMARY OF ARGUMENT

4

The policy language is straightforward. It provides benefits when the insured becomes unable to perform the principal duties of her occupation. Plaintiff met that standard. Northwestern Mutual did not honor the contract it drafted. California Supreme Court and Ninth Circuit precedent make clear that "total disability" does not require absolute helplessness, and that "own-occupation" provisions must be enforced according to their terms. Northwestern Mutual's denial therefore constitutes breach of contract and bad faith. Reversal is required.

## VII. ARGUMENT

### A. The Policy Unambiguously Provides Own-Occupation Coverage

The policy defines total disability as the inability to perform the principal duties of the insured's occupation. That language is unambiguous.

Under California law, total disability does not require complete incapacity. It exists when the insured cannot perform the substantial and material acts of her occupation in the usual and customary way. Erreca v. Western States Life Ins. Co., 19 Cal.2d 388, 393 (1942).

Consistent with that rule, the Ninth Circuit enforces own-occupation provisions as written and rejects insurer efforts to narrow coverage through reinterpretation. Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1008–09 (9th Cir. 2004).

The District Court erred by permitting Northwestern Mutual to depart from the policy's plain text.

B. Plaintiff Met the Policy's Definition of Total Disability

The policy does not require inability to perform all work or any work. It requires inability to perform the principal duties of the insured's occupation.

Here, the medical evidence shows that Plaintiff could not perform those duties. Under Erreca, that is sufficient to establish total disability. Northwestern Mutual's refusal to pay benefits therefore constitutes breach of contract. See Erreca, 19 Cal.2d at 393–94.

C. The Policy's Exclusions and Limitations Do Not Apply

The insurer bears the burden of proving the applicability of any exclusion. Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 820 (1979).

The pre-existing condition limitation is temporally limited and does not apply to disabilities arising decades after policy issuance. Nor may mental-disorder limitations defeat coverage where physical impairment independently satisfies the policy's definition of disability. See Hangarter, 373 F.3d at 1011.

D. This Is a Non-ERISA Policy Governed by State Law

6

This case involves an individual disability policy governed by state contract law. The record does not show an employer-established or employer-maintained ERISA plan.

Voluntary individual insurance arrangements without employer contribution or endorsement fall outside ERISA. 29 C.F.R. § 2510.3-1(j); Stuart v. UNUM Life Ins. Co. of Am., 217 F.3d 1145, 1152–53 (9th Cir. 2000).

E. Northwestern Mutual Breached the Contract and Acted in Bad Faith

Failure to pay benefits owed under the policy constitutes breach of contract. Egan, 24 Cal.3d at 817. An insurer acts in bad faith when it unreasonably withholds benefits or relies on interpretations inconsistent with policy language. Gruenberg v. Aetna Ins. Co., 9 Cal.3d 566, 574 (1973).

An insurer may not rely on internal guidelines or post-hoc interpretations to defeat coverage granted by the policy's express terms. Hangarter, 373 F.3d at 1010–11.

VIII. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

Reverse the judgment of the District Court;

Declare Plaintiff entitled to benefits under the policy; and

Remand for calculation of benefits owed, interest, and appropriate relief.

7

## IX. CONCLUSION

The policy must be enforced as written. Northwestern Mutual failed to do so. The judgment should be reversed.

Respectfully submitted,

Dated: January 4, 2026

/s/Leslie Joy Mintz, M.D.

Plaintiff–Appellant, Pro Se

14435 Sherman Way, Suite 104, PMB 42

Van Nuys, CA 91405

Telephone: (805) 280-6386

Email: ciriusproblem@icloud.com