**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

Leslie Joy Mintz, MD,

Plaintiff–Appellant,

v.

Northwestern Mutual Life Insurance Company,

Defendant–Appellee.

Case No.:  25-6037

**EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL**

(FED. R. APP. P. 8(a))

Plaintiff–Appellant Leslie Joy Mintz, MD, respectfully moves for an injunction

pending appeal pursuant to Federal Rule of Appellate Procedure 8(a).

1

## I. RELIEF REQUESTED

Appellant seeks temporary reinstatement of long-term disability benefits terminated by Defendant–Appellee Northwestern Mutual Life Insurance Company during the pendency of this appeal.

## II. PROCEDURAL HISTORY

The District Court denied Appellant's request for reinstatement of disability benefits pending appeal. Appellant timely filed a notice of appeal. An application to proceed in forma pauperis is currently pending before this Court.

## III. FACTS RELEVANT TO EMERGENCY RELIEF

Northwestern Mutual terminated Appellant's long-term disability benefits in April 2022.

Since that termination, Appellant has survived solely on Social Security income.

Her current monthly income is approximately $1,901, as disclosed in her pending in forma pauperis application.

2

The prolonged loss of disability benefits resulted in an inability to maintain or afford housing, and Appellant was evicted in September 2023 for nonpayment from GranVida, a facility that is now unlicensed.

Appellant has also been without a driver's license for approximately thirteen years, resulting in ongoing transportation-related financial burden and limited access to essential services.

These circumstances reflect sustained financial instability directly attributable to the termination of disability benefits.

## IV. STANDARD FOR INJUNCTION PENDING APPEAL

An injunction pending appeal is appropriate where the movant demonstrates:

1. A likelihood of success on the merits or serious questions going to the merits;
2. Irreparable harm absent relief;
3. That the balance of hardships tips in her favor; and
4. That the public interest supports relief.

Nken v. Holder, 556 U.S. 418, 434 (2009).

## V. ARGUMENT

### A. Serious Questions Are Presented on the Merits

This appeal raises serious questions under controlling Supreme Court precedent. In Metropolitan Life Insurance Co. v. Glenn, 554 U.S. 105 (2008), the Supreme Court held that an insurer that both evaluates claims for disability benefits and pays those benefits operates under a structural conflict of interest that must be weighed in judicial review.

Here, benefits were terminated through insurer-controlled medical reviews conducted within the conflicted framework identified in Glenn, despite extensive treating-physician documentation confirming continued disability.

These issues present substantial questions appropriate for appellate review.

### B. Appellant Is Suffering Irreparable Harm

Living on approximately $1,901 per month, Appellant lacks sufficient income to meet basic living expenses.

The termination of disability benefits has already resulted in loss of housing and continuing financial instability.

Absent interim relief, Appellant faces ongoing irreparable harm that cannot be remedied by later monetary recovery.

## C. The Balance of Hardships Favors Relief

Temporary reinstatement of benefits would preserve Appellant's ability to maintain basic stability during appellate review.

## D. The Public Interest Supports Interim Relief

The public interest favors ensuring that disabled claimants are not deprived of essential support in a manner that effectively denies meaningful appellate review.

## VI. CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant an injunction pending appeal requiring temporary reinstatement of long-term disability benefits.

Respectfully submitted,

/s/ Leslie Joy Mintz, MD

Plaintiff–Appellant, Pro Se

14435 Sherman Way, Suite 104, PMB 42

Van Nuys, CA 91405

Telephone: 805-280-6386

Email: ciriusproblem@icloud.com