**Appeal No. 25-6037**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

———————————

## LESLIE JOY MINTZ, M.D.

*Plaintiff and Appellant,*

*v.*

## NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY

*Defendant and Appellee.*

———————————

Appeal from United States District Court
Central District of California
Hon. Monica Ramirez Almadani
U.S. District Court Case No. 2:24-cv-055494-MRA-MAA

———————————

## DEFENDANT-APPELLEE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF-APPELLANT'S EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

———————————

## BURKE, WILLIAMS & SORENSEN, LLP
Edith Sanchez Shea
eshea@bwslaw.com
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
213.236.0600

Attorneys for Appellee The Northwestern Mutual Life Insurance Company

Defendant-Appellee The Northwestern Mutual Life Insurance Company ("Northwestern") hereby opposes Plaintiff-Appellant's Leslie Joy Mintz' s ("Mintz") Emergency Motion For Injunction Pending Appeal. Plaintiff is not seeking to hold an order in abeyance via an emergency injunction. Rather, she is attempting by this very late appeal to challenge the district court's judgment in favor of Northwestern on claims arising from an alleged breach of contract. (Northwestern's motion to dismiss the late appeal is pending.) There is no basis for injunctive relief.

## I.

### <u>INTRODUCTION</u>

Northwestern has moved to dismiss Mintz' s appeal for lack of jurisdiction due to untimely filing under FRAP Rule 4(a)(l)(A), which establishes strict timing requirements for filing notices of appeal in federal court. These deadlines are jurisdictional and cannot be waived. 28 U.S.C. § 2107(a). Although subject to a 30-day deadline, Mintz's appeal was not filed until 95 days after entry of judgment. The appeal is untimely and must be dismissed. While that motion has been pending, Mintz has continued to file documents, including this Emergency Motion For Injunction Pending Appeal, regardless of whether they have any support in the factual record. Plaintiff's motion must be denied.

## II.

## <u>PROCEDURAL BACKGROUND</u>

On June 13, 2025, the Court granted Northwestern's Motion to Dismiss Mintz's Second Amended Complaint, entering judgment in favor of Northwestern, and Mintz was provided with notice of the final judgment on the day it was entered. (See Declaration of Edith S. Shea "Shea Dec." at ¶ 3, Exhibit A.) In the judgment, the court observed that all of the benefits provided for in the policies issued to Mintz had been paid. (Shea Dec., at ¶ 3, Exhibit A). On June 20, 2025, seven days after entry of judgment, Mintz sent counsel for Northwestern an email discussing the district court's judgment. (Shea Dec. ¶ 4, Exhibit B) Despite having constructive and actual knowledge of the judgment, Mintz did not file a Notice of Appeal until September 16, 2025, 95 days after entry of the Court's final judgment. (Shea Dec., ¶ 5, Exhibit C) Northwestern filed a motion to dismiss the complaint on November 20, 2025; that motion is pending and the appeal briefing is stayed. (Shea Dec., ¶ 6 Exhibit D). The district court has twice denied Mintz's motions for relief from judgment, as well as Mintz's *post hoc* motion for extension of the time to file a notice of appeal. (Shea Dec., Exhibits E and F).

## III.

## ANALYSIS

**A.** **Mintz' Requested Relief is Inapplicable Here**

Mintz relies on *Nken v. Holder*, which is inapplicable here. 556 US 428, 434 (2009). In *Holder*, the court analyzed the standards applicable for a request that the appellate court hold a deportation order in abeyance. *Id*. Here, the court did not enter an order for injunctive relief and there is no order granting any affirmative relief. Instead, Mintz appeals from the district court's judgment dismissing Plaintiff's Second Amended Complaint because, despite three opportunities to do so, Plaintiff was unable to allege any viable claim against Northwestern. "Based on Plaintiff's allegations in her Complaint and FAC, it is clear that she received the maximum benefits to which she was entitled under the DI Policies." (Shea Declaration, ¶ 3, Exhibit A; Judgment, June 13, 2025)

Mintz's reliance on *Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105 (2008), is also misplaced. As a threshold matter, that case involved the standard of review applicable to actions governed by the Employee Retirement and Income Security Act of Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.A. § 1132(a)(1)(B), and is completely inapplicable here. (The policies issued to Mintz are not governed by ERISA.) Moreover, Plaintiff falsely states that her "benefits were terminated through insurer-controlled medical reviews."

This is a fabrication that Mintz has raised for the first time on appeal.[1] As the district court correctly concluded, Mintz's benefits were terminated because she had received the maximum amount of benefits payable under the policies. Northwestern did not terminate the benefit payments because it concluded that Mintz was no longer disabled. Mintz was given three opportunities to state a viable claim against Northwestern but could not do so because the indisputable fact is that she has received all of the disability benefits she could possibly receive under the policies and therefore she has no compensable loss under any conceivable legal theory. The Judgment states: "[T]he court, having twice granted Plaintiff an opportunity to state a viable claim, now finds it 'absolutely clear' that further amendment would be futile and therefore DENIES leave to amend. *Akhtar*, 698 F.3d at 1212 (*quoting Shucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam))." (Shea Declaration, ¶ 3, Exhibit A, Judgment, June 13, 2025)

---

[1] Northwestern recognizes that a great deal of latitude is given to *pro se* litigants. However, this understandable tolerance for pleading irregularities should not extend to false statements of fact that are completely unsupported by any record evidence.

# IV.

# <u>CONCLUSION</u>

For the foregoing reasons, Northwestern respectfully requests that Mintz's

Emergency Motion For Injunction Pending Appeal be denied.


Dated:  February 5, 2026            BURKE, WILLIAMS & SORENSEN, LLP


By:       s/ Edith Sanchez Shea
            Edith Sanchez Shea
            Attorneys for Appellee Northwestern
            Mutual Life Insurance Company

## DECLARATION OF EDITH SANCHEZ SHEA

I, Edith Sanchez Shea, declare as follows:

1. I am an attorney at law, licensed to practice before all the Courts in the State of California, including this Honorable Court. I am a partner with the firm of Burke, Williams & Sorensen, LLP, attorneys of record for Defendant-Appellee, The Northwestern Mutual Life Insurance Company ("Northwestern").

2. I make this declaration based upon my own personal knowledge, and if called upon as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Defendant's Opposition to Plaintiff-Appellant's Emergency Motion for Injunction Pending Appeal.

3. Attached as Exhibit A is a true and correct copy of the Court's judgment of June 13, 2025, showing Notice was sent to Mintz.

4. On June 20, 2025, Mintz sent me an email discussing the district court's judgment. (A true and correct copy of Mintz's email to me of June 20, 2025 is attached as Exhibit B.)

5. Attached as Exhibit C is a true and correct copy of the Notice of Appeal filed by Mintz on September 16, 2025.

6. Attached as Exhibit D is a true and correct copy of the email I received in response to my inquiry regarding the status of Northwestern's motion to dismiss and the appeal briefing schedule (which has been stayed).

4924-2044-9676 v1

7. Attached as Exhibit E is a true and correct copy of the Court's Order Resolving Plaintiff's Request for Docket Update/Clerk Clarification [77] and Denying Plaintiff's Motion for Relief From Judgment [78], filed October 9, 2025.

8. Attached as Exhibit F is a true and correct copy of the Court's Order Denying Renewed Motion to Reopen Time for Appeal and for Relief From Judgment [84] filed December 10, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 5, 2026, at Los Angeles, California.

s/ Edith Sanchez Shea
Edith Sanchez Shea

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# J S - 6

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE [ECF 70]**

Before the Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (the "Motion"). ECF 70. The Court read and considered the Motion and deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required). The June 23, 2025, hearing is therefore vacated and removed from the Court's calendar. For the reasons stated herein, the Court **GRANTS** the Motion.

## I.    BACKGROUND[1]

Plaintiff Leslie Joy Mintz ("Plaintiff" or "Mintz") filed this case in Santa Barbara County Superior Court on May 23, 2024. ECF 1-1 (Compl.). Defendant The Northwestern Mutual Life Insurance Company ("Defendant" or "Northwestern Mutual") removed the case to federal court on June 28, 2024. ECF 1 (Compl.). In her initial Complaint, Plaintiff alleged as followed:

Mintz had disability income policies issued by Northwestern Mutual, Policy Nos. D963192 and D817178 (hereinafter, the "DI Policies"). Compl. ¶ BC-1. Northwestern Mutual "began diminishing the monthly amount paid to Plaintiff for two months, beginning February 2022, and then cancelled the disability insurance policy on or about April 4, 2022." *Id.* ¶ BC-2. At the time of cancellation, Mintz was 65 years old. *Id.* ¶ FR-2(b). She "continued to pay the policy premiums to keep her disability insurance polic[ies] in full force and effect." *Id.* ¶ FR-5.

---

[1] The factual background is described as alleged in Plaintiff's Complaint, First Amended Complaint, and Second Amended Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

Northwestern Mutual "failed to inform [her] that the disability insurance policy was conditionally renewable to age 75." *Id.* ¶ FR-2. Plaintiff stated that she "met all the conditions known to her at the time" and was "not informed that she needed to work full-time for a period of one year prior to cancellation in order to continue the polic[ies] for 10 years." *Id.* ¶ FR-2(b). As a result of cancellation of the DI Policies, Plaintiff "suffered loss of income, housing, durable goods, and her health worsened considerably." *Id.* ¶ FR-6. On these allegations, Plaintiff's Complaint stated claims for breach of contract and fraud.

On November 18, 2024, the Court granted Defendant's Motion to Dismiss the Complaint without prejudice. ECF 27. The Court held that Plaintiff had not alleged that Northwestern breached the terms of the DI Policies and "[did] not allege the who, what, when were, and how of her fraud claim." *Id.* at 4. On January 7, 2025, Plaintiff filed a First Amended Complaint ("FAC"). ECF 35. On March 12, 2025, the Court granted Defendant's unopposed Motion to Dismiss the FAC, observing that the FAC appears to improperly seek summary judgment and does not identify any causes of action against Defendant or add any new material factual allegations in support of the previously alleged claims. ECF 48 at 2. The Court once more held that "[t]he terms of the DI Policies speak for themselves. Based on Plaintiff's allegations in her Complaint and FAC, it is clear that she received the maximum benefits to which she was entitled under the DI Policies" and that Defendant complied with the policy terms. *Id.* at 4. The Court further held that Plaintiff had not stated a fraud claim because she "d[id] not offer sufficient factual support for her allegations that the DI Policies were the products of forgery, nor does she identify any other factual basis for her fraud claim." *Id.* at 5.

On April 17, 2025, Plaintiff filed the operative Second Amended Complaint ("SAC"), ECF 61, alleging as follows: Between 1993 and 2001, Mintz underwent several medical procedures. *Id.* ¶¶ 5-8. The resulting neurological symptoms were misclassified as psychiatric, which led to Mintz being involuntarily hospitalized. *Id.* ¶ 10. Plaintiff suffered post-traumatic stress disorder and was deprived of meaningful surgical intervention and disability accommodations. *Id.* ¶ 11. At some point, Plaintiff began receiving long-term disability benefits under a policy issued by Northwestern Mutual. *See id.* ¶ 12. Plaintiff was then "fraudulently denied" long-term disability benefits "despite continuous objective medical evidence supporting her claim." *Id.* Northwestern Mutual "falsely represented that Plaintiff received $9,326.80 per month for 28 years" and "engaged in spoliation of records, concealment of evidence, and systemic obstruction of Plaintiff's access to judicial redress." *Id.* ¶¶ 13-14. On these factual allegations, Plaintiff now alleges 10 claims against Northwestern: (1) fraud and intentional misrepresentation, (2) breach of contract and duty of good faith, (3) spoliation of evidence, (4) constructive fraud and breach of fiduciary duty, (5) medical malpractice and failure to treat infection, (6) elder abuse, (7) denial of equal protection and due process, (8) identity theft and unauthorized use of data, (9) legal

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

malpractice and failure to disclose conflicts, and (10) abandonment of care and psychiatric misclassification. *Id.* at 3.

On May 1, 2025, Defendant filed the instant Motion. ECF 70. Plaintiff did not file an opposition.[2] On June 6, 2025, Defendant filed a Reply, noting that Plaintiff failed to oppose and "has been given every opportunity to state a viable cause of action against Northwestern Mutual, but she has not done so." ECF 73 at 1.

## II. DISCUSSION

### A. Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted. Dismissal is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (per curiam). This is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court "must accept as true all of the allegations contained in a complaint," but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A *pro se* pleading, however, shall be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *cf.* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). The court has an obligation to afford the *pro se* complainant "the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

The Court has twice dismissed Plaintiff's breach of contract and fraud claims against Defendant, and Plaintiff's SAC does not correct any of the deficiencies identified in the Court's prior Orders. If anything, the SAC contains *even fewer* material facts than the prior pleadings. Plaintiff's SAC impermissibly relies on conclusory statements that Defendant "fraudulently

---

[2] Failure to oppose may be deemed consent to the granting of a motion. L.R. 7-12.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | June 13, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

denied" her long-term disability benefits and "falsely represented" the extent of those benefits. These bare assertions fail to plausibly allege that Defendant breached the terms of the DI Policies or committed fraud. The SAC alleges numerous other claims for relief against Defendant, none of which are viable. Plaintiff does not identify any of the elements of these other claims, nor are they supported by any of the allegations in her SAC or prior pleadings. Moreover, it is inconceivable that Defendant, an insurer, can be held liable for denial of equal protection and due process, legal malpractice, "abandonment of care," and "psychiatric misclassification." Even affording Plaintiff the benefit of any doubt, the Court finds that Plaintiff has failed to state any claim against Defendant. Accordingly, the Court **GRANTS** Defendant's Motion.

### B.     Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that, once the deadline for leave to amend as a matter of course has expired, a party may amend its pleading only after obtaining leave of the court or by consent of the adverse party. In general, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). A *pro se* complaint shall not be dismissed without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (quoting *Shucker v. Rockwood*, 845 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)). Here, the Court, having twice granted Plaintiff an opportunity to state a viable claim, now finds it "absolutely clear" that further amendment would be futile and therefore **DENIES** leave to amend.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss the SAC is **GRANTED** without leave to amend. This action is **DISMISSED** with prejudice. The Clerk shall treat this Order as an entry of judgment. L.R. 58-6.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk     gga _____

**EXHIBIT A**

**Berton, Mary**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Friday, June 13, 2025 1:48 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-05494-MRA-MAA Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company Order on Motion to Dismiss Case |

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered on 6/13/2025 at 1:47 PM PDT and filed on 6/13/2025

| | |
|---|---|
| **Case Name:** | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company |
| **Case Number:** | 2:24-cv-05494-MRA-MAA |
| **Filer:** | |

**WARNING: CASE CLOSED on 06/13/2025**

**Document Number:** 74

**Docket Text:**
**MINUTES (IN CHAMBERS) ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT WITH PREJUDICE [ECF 70] by Judge Monica Ramirez Almadani. For the foregoing reasons, Defendant's Motion to Dismiss the SAC is GRANTED without leave to amend. This action is DISMISSED with prejudice. ( MD JS-6. Case Terminated ) (lom)**

**2:24-cv-05494-MRA-MAA Notice has been electronically mailed to:**

Edith S Shea    mberton@bwslaw.com, eshea@bwslaw.com

Leslie Joy Mintz    ciriusproblem@icloud.com

1

**EXHIBIT A**

**2:24-cv-05494-MRA-MAA Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

2

**EXHIBIT A**

# EXHIBIT B

---- Original Message-----
From: Leslie Mintz MD <ciriusproblem@icloud.com>
Sent: Friday, June 20, 2025 12:59 PM
To: Shea, Edith <EShea@bwslaw.com>
Subject: Dismal with Prejudice

[EXTERNAL]

Dear Edith:

After checking the PACER DOCKET, I feel like an idiot.

As my life is upside down and I do have an attorney I will meet next week, it appears that I busted my butt to try and put this appalling case on.

This is far from over.  Have a lovely weekend.  Today is definitely the longest day of the year.

Or perhaps tomorrow will be.

Reguards,
Leslie
Sent from my iPhone

1

**EXHIBIT B**

# EXHIBIT C

FILED

CLERK, U.S. DISTRICT COURT

09/16/2025

CENTRAL DISTRICT OF CALIFORNIA

BY ____GSA____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

Leslie Joy Mintz, M.D.,

Plaintiff,

v.

Northwestern Mutual Life Insurance Company,

Defendant.

**EXHIBIT C**

Case No.: 2:24-cv-05494-MRA (MAAx)

# NOTICE OF APPEAL

Notice is hereby given that Plaintiff, Leslie Joy Mintz, M.D., hereby appeals to the United States Court of Appeals for the Ninth Circuit from the final judgment entered on June 13, 2025, and from all orders and rulings adverse to Plaintiff, including but not limited to the order dismissing the action with prejudice.

Dated: September 16, 2025

Respectfully submitted,

Leslie Joy Mintz, M.D.

Plaintiff, Pro Se

7007 Tyrone Ave.

Van Nuys, CA 91405

805 280 6386

ciriusproblem@icloud.com

**EXHIBIT C**

Signature: _Leslie Joy Mintz, MD_

# CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2025, I caused a true and correct copy of the foregoing Notice of Appeal to be served on counsel for Defendant by Email:

Edith Sanchez Shea

Burke, Williams & Sorensen, LLP

444 South Flower Street 40th Floor

Los Angeles, CA 90071-2953

I further certify that the original of the foregoing was filed with the Clerk of the Court for the United States District Court, Central District of California.

Dated: September 16, 2025

**EXHIBIT C**

Respectfully submitted,

Leslie Joy Mintz, M.D.

Plaintiff, Pro Se

7007 Tyrone Ave.

Van Nuys, CA 91405

805 280 6386

Ciriusproblem@icloud.com

Signature: _Leslie Joy Mintz, MD_

**EXHIBIT C**

**Berton, Mary**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Monday, September 22, 2025 10:34 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-05494-MRA-MAA Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company Notice of Appeal to 9th Circuit Court of Appeals |

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 9/22/2025 at 10:32 AM PDT and filed on 9/16/2025
**Case Name:**     Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company
**Case Number:**     2:24-cv-05494-MRA-MAA
**Filer:**     Leslie Joy Mintz
**WARNING: CASE CLOSED on 06/13/2025**
**Document Number:** 75

**Docket Text:**
**NOTICE OF APPEAL to the 9th CCA filed by plainitff Leslie Joy Mintz. Appeal of Order on Motion to Dismiss Case, [74] Filed On: 6/13/25; Entered On: 6/13/25; Filing fee $ 605. Billed. (mat)**

**2:24-cv-05494-MRA-MAA Notice has been electronically mailed to:**

Edith S Shea     mberton@bwslaw.com, eshea@bwslaw.com

Leslie Joy Mintz     ciriusproblem@icloud.com

**2:24-cv-05494-MRA-MAA Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

1

**EXHIBIT C**

# EXHIBIT D

**From:** Shea, Edith <EShea@bwslaw.com>
**Sent:** Thursday, January 15, 2026 11:43 PM
**To:** Shea, Edith <EShea@bwslaw.com>
**Subject:** Fwd: Mintz v. Northwestern Mutual

Begin forwarded message:

> **From:** Emergency CA09StaffAtty <emergency@ca9.uscourts.gov>
> **Date:** January 15, 2026 at 9:59:57 AM PST
> **To:** "Shea, Edith" <EShea@bwslaw.com>
> **Subject: RE: Mintz v. Northwestern Mutual**
>
> [EXTERNAL]
>
> That is correct: briefing is stayed pending resolution of the motion to dismiss.

**EXHIBIT D**

**Emergency Inbox**
U.S. Court of Appeals for the Ninth Circuit
James R. Browning U.S. Courthouse
95 Seventh Street
San Francisco, CA 94103

---

**From:** Shea, Edith <EShea@bwslaw.com>
**Sent:** Wednesday, January 14, 2026 9:42:44 PM (UTC+00:00) Monrovia, Reykjavik
**To:** Motions Unit CA09StaffAtty <Motions@ca9.uscourts.gov>
**Cc:** Berton, Mary <MBerton@bwslaw.com>
**Subject:** Mintz v. Northwestern Mutual

<mark>CAUTION - EXTERNAL:</mark>

Good afternoon:

I am inquiring about a pending motion to dismiss the appeal pending in this matter (a copy of the docket is attached for ease of reference). The plaintiff-appellant (in pro-per) filed an appeal and my client, the defendant-appellee, sought to dismiss it on the grounds that the appeal was late. It does not appear that any decision has been rendered on the motion and plaintiff-appellant filed an opening brief. We received notice (pasted below) yesterday, noting that "briefing remains stayed."

I am seeking to confirm that a responsive brief is not required at this time.

Thank you.

**Edith Sanchez Shea** | **Partner**

**Burke, Williams & Sorensen, LLP**
444 South Flower Street, 40th Floor, Los Angeles, CA 90071
**D** 213.236.2815 | **O** 213.236.0600 | **F** 213.236.2700 | **M** 818.333.6431
eshea@bwslaw.com | vCard | Bio | bwslaw.com

---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or

2
**EXHIBIT D**

anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

### United States Court of Appeals for the Ninth Circuit

**Notice of Docket Activity**

The following transaction was entered on 01/13/2026 4:54:19 PM PST and filed on 01/13/2026

**Case Name:** Mintz v. Northwestern Mutual Life Insurance Company

**Case Number:** 25-6037

**Docket Text:**

**CLERK ACTION:** Opening Brief submitted at DE 16 by Appellant Leslie Joy Mintz is filed. (Briefing remains stayed) [Entered: 01/13/2026 04:56 PM]

**Notice will be electronically mailed to:**

Mrs. Edith Sanchez Shea Esquire; eshea@bwslaw.com, mberton@bwslaw.com

**Case participants listed below will not receive this electronic notice:**

Leslie Joy Mintz 7316 Kraft Ave North Hollywood, CA 91605

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

3

**EXHIBIT D**

# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | | Date | October 9, 2025 |
|---|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER RESOLVING PLAINTIFF'S REQUEST FOR DOCKET UPDATE/CLERK CLARIFICATION [77] AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [78]**

Before the Court are Plaintiff's Request for Docket Update/Clerk Clarification [77] AND Motion for Relief from Judgment [78]. The Court read and considered the requests and deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required). For the reasons stated herein, the Court **RESOLVES** the Request for Docket Update/Clerk Clarification and **DENIES** the Motion for Relief from Judgment.

## I.     BACKGROUND

On June 13, 2025, the Court granted Defendant's unopposed Motion to Dismiss Plaintiff's Second Amended Complaint without leave to amend, dismissing this action with prejudice. ECF 74. The Court incorporates by reference the factual background and procedural history set forth in the Court's June 13, 2025, Order.

On September 16, 2025, approximately three months after the entry of judgment, Plaintiff filed a Notice of Appeal to the Ninth Circuit. ECF 75. On September 17, 2025, Plaintiff filed a Motion for Transcripts pursuant to 28 U.S.C. § 753(f). ECF 76. On September 18, 2025, Plaintiff filed a Request for "Docket Update/Clerk Clarification." ECF 77. On September 19, 2025, Plaintiff filed a Motion for Relief from Judgment.[1] ECF 78. Defendant filed an

---

[1] In her Motion for Transcripts, Plaintiff states that she concurrently filed a Motion to Proceed In Forma Pauperis on Appeal. ECF 76. The Court has not received this request and therefore defers ruling on the Motion for Transcripts. The Court observes, however, that Plaintiff

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 4 |
|---|---|---|

**EXHIBIT E**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | October 9, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

Opposition to the Motion for Relief from Judgment.    ECF 80.

## II.  **DISCUSSION**

Plaintiff first seeks confirmation that her post-judgment filings have been docketed.    ECF 77.    Plaintiff's post-judgment filings to date have docketed and are viewable on CM/ECF as of September 30, 2025.    *See* ECF 75, 76, 77, 78.    In her request for transcripts, however, Plaintiff represents that she is concurrently filing a motion to proceed in forma pauperis on appeal.    ECF 76.    The Court has not received this filing, and it has not been docketed.

Plaintiff further seeks relief from judgment because she was unable to file a timely notice of appeal due to extraordinary and unforeseen circumstances.    ECF 78.    Specifically, she claims that she was deprived of an opportunity to be heard because the case was dismissed 10 days before a scheduled hearing and that she was unable to prepare her notice of appeal because her car was stolen and totaled on July 3, 2025.    *Id.* at 3-4.    Defendant responds that Plaintiff has made no showing of mistake, inadvertence, surprise, excusable neglect, or any exceptional circumstances warranting relief.    ECF 80.

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).    A court's power to vacate judgments under Rule 60(b) in order 'to accomplish justice' is balanced against 'the strong public interest in the timeliness and finality of judgments.'"    *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009)).

Plaintiff argues that "premature dismissal" and "severe disruption" constitute excusable neglect and extraordinary circumstances under Rule 60(b)(1) and (b)(6).    To determine whether

requests a transcript for a hearing on June 10, 2025.    No hearing was held in this matter on that date.

**EXHIBIT E**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | October 9, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

neglect is excusable under Rule 60(b)(1), courts conduct an equitable analysis by examining at least four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009). A party seeking relief under Rule 60(b)(6) must "always demonstrate 'extraordinary circumstances' justifying relief." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1621 (2025). "'Extraordinary circumstances occur where there are other compelling reasons for opening the judgment' that prevented the movant from raising the basis of the motion during the pendency of the case." *Martinez*, 33 F.4th at 1262 (quoting *Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020)). Here, Plaintiff's reasons for seeking vacatur and reentry of judgment do not meet either standard.

*First*, dismissal was not premature, and Plaintiff was not deprived of an opportunity to be heard. Defendant filed its Motion to Dismiss the Second Amended Complaint on May 1, 2025, and noticed it for hearing on June 23, 2025. ECF 70. Plaintiff had ample opportunity to timely file a written response or request an extension of time, yet she did not file any opposition as required by the Local Rules. L.R. 7-9 (providing that a party opposing a motion must file a response to the motion no later than 21 days before the hearing date). As the Court explained in its June 13, 2025, Order, Plaintiff's failure to file a written opposition can be deemed consent to the granting of the motion. ECF 74 at 3 n.2 (citing L.R. 7-12). Furthermore, the Court is not obligated to hold a hearing on a motion, especially one that is not opposed. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required).

*Second*, Plaintiff's failure to timely appeal the Court's Judgment does not constitute excusable neglect or extraordinary circumstances. The Court is sympathetic to the fact that Plaintiff's car was stolen and totaled and that she may have lost access to transportation as a result. But this reason does not explain why Plaintiff delayed filing her Notice of Appeal for approximately 90 days from the entry of Judgment. For example, there is no evidence that Plaintiff did not receive notice of the Court's June 13, 2025, Order. As such, the Court is not persuaded that Plaintiff acted diligently or in good faith in filing her Notice of Appeal, or that Plaintiff's circumstances are extraordinary. In any event, the Ninth Circuit has explained that Rule 60(b) may not be used to circumvent the time limits for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a). *See Pope v. Candelaria*, 183 F. App'x 614, 615 (9th Cir. 2006); *see also Greenawalt v. Stewart*, 105 F.3d 1268, 1273 (9th Cir. 1997) (holding that pro se plaintiff's failure to appeal an order "may be attributable to inattention or inexperience, but neither deficiency constitutes a 'extraordinary circumstance' that justifies Rule 60(b)(6) relief").

---

**EXHIBIT E**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05494-MRA-MAA | Date | October 9, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

**III.    CONCLUSION**

For the foregoing reasons, Plaintiff's Request for Docket Update/Clerk Clarification is **RESOLVED** and Plaintiff's Motion for Relief from Judgment is **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk     mku

**EXHIBIT E**

**Berton, Mary**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Thursday, October 9, 2025 4:13 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-05494-MRA-MAA Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company Order on Motion for Order |

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered on 10/9/2025 at 4:12 PM PDT and filed on 10/9/2025

**Case Name:**     Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company

**Case Number:**   2:24-cv-05494-MRA-MAA

**Filer:**

**WARNING: CASE CLOSED on 06/13/2025**

**Document Number:** 82

**Docket Text:**

**MINUTES (IN CHAMBERS) ORDER RESOLVING PLAINTIFF'S REQUEST FOR DOCKET UPDATE/CLERK CLARIFICATION [77] AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT [78] by Judge Monica Ramirez Almadani. Plaintiff's Request for Docket Update/Clerk Clarification is RESOLVED and Plaintiff's Motion for Relief from Judgment is DENIED. (SEE DOCUMENT FOR FURTHER DETAILS.) (rolm)**

**2:24-cv-05494-MRA-MAA Notice has been electronically mailed to:**

Edith S Shea     mberton@bwslaw.com, eshea@bwslaw.com

Leslie Joy Mintz     ciriusproblem@icloud.com

1

**EXHIBIT E**

**2:24-cv-05494-MRA-MAA Notice has been delivered by First Class U. S. Mail or by other means <u>BY THE FILER</u> to :**

2

**EXHIBIT E**

# EXHIBIT F

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | December 10, 2025 |
| --- | --- | --- | --- |
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

Present: The Honorable    MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa Kunig | None Present |
| --- | --- |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

Proceedings:    **(IN CHAMBERS) ORDER DENYING RENEWED MOTION TO REOPEN TIME FOR APPEAL AND FOR RELIEF FROM JUDGMENT [84] AND MOTION FOR RECUSAL AND REASSIGNMENT [86]**

Before the Court are Plaintiff's renewed Motion to Reopen Time for Appeal and for Relief from Judgment [84] and Motion for Recusal and Reassignment [86]. Because Plaintiff's Motions are not noticed for hearing, the Court construes the requests as ex parte applications. The Court read and considered the ex parte applications and deems the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b) (providing that the court may determine motions on the briefs, without an oral hearing); L.R. 7-15 (stating that the court may generally "dispense with oral argument on any motion" unless otherwise required). For the reasons stated herein, the Court **DENIES** the Motions.

## I.    BACKGROUND

The Court incorporates by reference the factual background and procedural history set forth in its October 9, 2025, order, *inter alia*, denying Plaintiff's initial Motion for Relief from Judgment. ECF 82. On November 9, 2025, Plaintiff renewed her Motion for Relief from Judgment. ECF 84. On November 13, 2025, Plaintiff filed the instant Motion for Recusal and Reassignment. ECF 86. That same day, she also filed a Declaration in support of her Motion for Recusal and Reassignment. ECF 87. On November 21, 2022, Defendant filed an Opposition to the Motion for Relief from Judgment. ECF 89.

## II.    DISCUSSION

### A.    Procedural Deficiencies

As a threshold matter, Plaintiff's Motions do not comply with numerous Local Rules. As

---

**EXHIBIT F**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | December 10, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

Plaintiff is well aware, *pro se* litigants are bound by the Local Rules to the same extent as attorneys. L.R. 1-3. Plaintiff did not present her Motions with written notices of motion. L.R. 6-1, 7-4. This deficiency alone warrants denial of relief. L.R. 7-4. Even when liberally construed as ex parte applications, Plaintiff's requests do not comply with the requirements for ex parte relief. Plaintiff did not file any declaration under oath advising the Court in writing of her reasonable, good faith efforts to contact opposing counsel and whether her applications are opposed. L.R. 7-19.1. This error is also fatal to her requests. Notwithstanding these procedural deficiencies, and in the interest of completeness, the Court considers the merits of Plaintiff's requests.

### B.      Relief from Judgment

Plaintiff's renewed Motion for Relief from Judgment alleges that she did not receive proper notice of the Court's June 13, 2025, Order granting Defendant's unopposed Motion to Dismiss and entering Judgment in Defendant's favor because the Clerk's Office had not updated her mailing address. ECF 84 at 2-3. She also claims that Defendant's counsel engaged in *ex parte* communications with her without court authorization. *Id.* at 3. In her view, these errors deprived her of due process and prevented a timely appeal. *Id.*

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A court's power to vacate judgments under Rule 60(b) in order 'to accomplish justice' is balanced against 'the strong public interest in the timeliness and finality of judgments.'" *Martinez v. Shinn*, 33 F.4th 1254, 1262 (9th Cir. 2022) (quoting *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009)).

Relief from judgment is not warranted. Plaintiff is correct that the Clerk's Office did not update her address when she filed a Notice of Change of Address. *See* ECF 53. However, in March 2025, Plaintiff filed an Application for Permission for Electronic Filing, affirming that she had regular access to a computer, an email account, and other technology. ECF 55. The Court

**EXHIBIT F**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | December 10, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

granted Plaintiff's Application on April 7, 2025. ECF 59. As a result, per the Notice of Electronic Filing, Plaintiff received electronic notice of the Court's June 13, 2025, Order at the email address she registered for e-filing. This constitutes proper service of process under the Rules. *See* Fed. R. Civ. P. 5(b)(2)(E). Plaintiff's claim that opposing counsel improperly communicated with her ex parte is incorrect. Although an attorney may not communicate directly with a represented adversary without the consent of the adversary's attorney, no rule prevents an attorney from communicating directly with an unrepresented, *pro se* litigant. *See Grzeslo v. Sauzo*, No. 1:21-CV-01371-JLT-EPG (PC), 2023 WL 35979, at *1 (E.D. Cal. Jan. 4, 2023) ("Defense counsel is permitted to correspond directly with Plaintiff where Plaintiff is not represented by counsel."); *Williams v. Workers Comp. Bd.*, No. 2:22-CV-00302-KJM-ACPS, 2022 WL 16856162, at *4 (E.D. Cal. Nov. 10, 2022) (explaining that *pro se* litigants are free to communicate with opposing counsel and vice versa). Instead, the communication Plaintiff identifies occurred because Defendant's counsel was attempting to meet and confer with Plaintiff regarding the motion to dismiss, as required by the Local Rules. *See* L.R. 7-3. Even if Plaintiff felt that the communication was improper, Plaintiff does not explain how the communication prejudiced her in any way.

Plaintiff has not identified any grounds for relief from judgment. Accordingly, the Court **DENIES** Plaintiff's Motion for Relief from Judgment.

**C.    Recusal & Reassignment**

Plaintiff's Motion for Recusal and Reassignment seeks recusal of the presiding district judge and magistrate judge and reassignment. ECF 86. Plaintiff alleges that she was directed to Public Counsel for legal assistance during this case but received no meaningful assistance. ECF 86 at 3. Because the presiding district judge previously served as President and Chief Executive Officer of Public Counsel prior to her appointment to the bench, these circumstances create the appearance of partiality. *Id.* As to the assigned magistrate judge, Plaintiff claims that her request to proceed *in forma pauperis* ("IFP") on appeal has been pending for an extended period without ruling and that this prolonged delay contributes to the appearance of partiality. *Id.* at 3, 6. She also notes that the Court denied Plaintiff's requests for discovery at the beginning of the case "severely limiting [her] ability to prosecute the claim." *Id.* at 6.

The general proposition is that "in the absence of a legitimate reason to recuse [oneself], a judge should participate in cases assigned," because "[w]ithout this proposition, we could recuse ourselves for any reason or no reason at all; we could pick and choose our cases, abandoning those that we find difficult, distasteful, inconvenient or just plain boring." *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (citations and internal quotations omitted). Federal judges take

**EXHIBIT F**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | December 10, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

an oath to "faithfully and impartially discharge and perform [their] duties" and "administer justice without respect to persons, and do equal right to the poor and to the rich." 28 U.S.C. § 453. Thus, judges "are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal." *Holland*, 519 F.3d at 912.

A party may move to disqualify or recuse a judge from presiding in a given case. Motions to disqualify fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.; United States v. Sibla,* 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See Sibla,* 624 F.2d at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient). The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See id.* Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.,* 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

As an initial matter, this case is closed, and there are no pending proceedings for the Court to be recused from. In any event, Plaintiff has not presented any legitimate reason for recusal, and her Declaration in support of recusal is legally insufficient. Plaintiff implicitly suggests that the presiding district judge's prior association with Public Counsel somehow influenced the organization's willingness to offer her *pro bono* assistance. But speculation about possible biases does not warrant recusal. *See id.; Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 428 F.3d 1175, 1178 (9th Cir. 2005). Plaintiff's assertions are nothing more than speculation and do not serve as evidence of any personal biases held by the Court personally. To be abundantly clear, the presiding district judge has never spoken with anyone at Public Counsel about this case, nor has anyone from Public Counsel contacted chambers about this matter.

As for Plaintiff's allegations regarding the Court's delay in resolving her IFP request and denials of her discovery requests, it is well-established that "questions about a judge's impartiality must stem from 'extrajudicial' factors, that is, from sources other than the judicial proceeding at hand." *Id.* at 1178 (internal citation omitted). In other words, "judicial rulings alone almost

**EXHIBIT F**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05494-MRA-MAA | Date | December 10, 2025 |
|---|---|---|---|
| Title | *Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company* | | |

never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, the Court's denials of Plaintiff's discovery requests and her IFP request do not suggest the appearance of personal bias or prejudice. Plaintiff may disagree with the Court's decisions, but in that case, appeal, not recusal, is the appropriate remedy.

Accordingly, the Court **DENIES** Plaintiff's Motion for Recusal and Reassignment.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motions are **DENIED**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk        mku

**EXHIBIT F**

**Berton, Mary**

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Wednesday, December 10, 2025 3:59 PM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:24-cv-05494-MRA-MAA Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company Order on Motion for Order |

[EXTERNAL]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## Notice of Electronic Filing

The following transaction was entered on 12/10/2025 at 3:59 PM PST and filed on 12/10/2025

| | |
|---|---|
| **Case Name:** | Leslie Joy Mintz v. The Northwestern Mutual Life Insurance Company |
| **Case Number:** | 2:24-cv-05494-MRA-MAA |
| **Filer:** | |
| **WARNING: CASE CLOSED on 06/13/2025** | |
| **Document Number:** | 90 |

**Docket Text:**
**MINUTES (IN CHAMBERS) ORDER DENYING Renewed Motion to Reopen Time for Appeal and for Relief from Judgment [84] and MOTION for Recusal and Reassignment [86] by Judge Monica Ramirez Almadani. See document for further information. (jp)**

**2:24-cv-05494-MRA-MAA Notice has been electronically mailed to:**

Edith S Shea     mberton@bwslaw.com, eshea@bwslaw.com

Leslie Joy Mintz     ciriusproblem@icloud.com

**2:24-cv-05494-MRA-MAA Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

1

## EXHIBIT F

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** | 25-6037

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address):*

Leslie Joy Mintz, M.D.
Plaintiff-Appellant, Pro Se
14435 Sherman Way, Suite 104, PMB 42
Van Nuys, CA 91405
Email: ciriusproblem@icloud.com

**Description of Document(s)** *(required for all documents)*:

DEFENDANT-APPELLEE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF-APPELLANT'S EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL

**Signature** | s/ Edith Sanchez Shea | **Date** | February 5, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 15**                 *Rev. 12/01/2018*
4909-3304-0269 v1