UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESLIE JOY MINTZ, M.D.,

Plaintiff–Appellant,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant–Appellee.

Case No.: 25-6037

MOTION FOR IMMEDIATE RELIEF UNDER FRAP 27 AND FRAP 24

TO RESTORE ACCESS TO THE DOCKET, WAIVE PACER FEES,

AND EXPEDITE RULING ON IN FORMA PAUPERIS STATUS

INTRODUCTION

Plaintiff–Appellant Leslie Joy Mintz, M.D., appearing pro se, respectfully moves

this Court for immediate relief pursuant to Federal Rule of Appellate Procedure 27

and Federal Rule of Appellate Procedure 24.

Appellant is currently locked out of PACER due to an outstanding balance

exceeding $400, while her motion to proceed in forma pauperis ("IFP") remains

unresolved. As a result, Appellant cannot access the docket, cannot view filings, and cannot meaningfully participate in her own appeal.

Absent immediate intervention, Appellant is effectively excluded from the appellate process in violation of fundamental constitutional guarantees.

FACTUAL BACKGROUND

Appellant filed a notice of appeal in the above-captioned matter and has an active case pending before this Court.

Appellant applied for in forma pauperis status due to financial hardship and inability to pay filing and access fees. Despite being granted a fee waiver by the Superior Court of Santa Barbara, where the case was originally filed, Plaintiff has been denied IFP status at the District Court level, further impeding her right to due process.

Despite this pending request, Appellant has accrued PACER fees exceeding $400 and has been locked out of the PACER system.

As a direct consequence:

Appellant cannot view docket entries;

Appellant cannot access recent filings, including at least the last two docket entries;

Appellant cannot determine applicable deadlines or respond to filings.

Appellant contacted PACER and was informed that access will not be restored until the outstanding balance is paid, notwithstanding the unresolved IFP request.

LEGAL BASIS

I. THIS COURT HAS AUTHORITY TO GRANT RELIEF UNDER FRAP 27

Under Federal Rule of Appellate Procedure 27, this Court may grant any relief necessary to ensure the fair administration of justice and the integrity of the appellate process.

II. IFP STATUS UNDER FRAP 24 REQUIRES MEANINGFUL ACCESS

Federal Rule of Appellate Procedure 24 is designed to ensure that litigants are not denied appellate review due to financial hardship.

Where a litigant is effectively prevented from accessing the record or docket while IFP status is pending, the protection afforded by Rule 24 is rendered illusory. A delay in adjudicating IFP status that results in loss of access constitutes a constructive denial of IFP protections.

III. DENIAL OF DOCKET ACCESS VIOLATES THE RIGHT OF ACCESS TO COURTS

The United States Supreme Court has long recognized a constitutional right of access to the courts.

3

In Bounds v. Smith, the Court held that access must be "adequate, effective, and meaningful."

In Lewis v. Casey, the Court clarified that while the right is not unlimited, it prohibits systemic barriers that prevent litigants from pursuing claims.

Here, Appellant faces a complete barrier:

No access to filings

No access to docket entries

No ability to respond or comply

This is not a minor inconvenience—it is a functional denial of access.

## IV. DUE PROCESS IS VIOLATED BY INABILITY TO ACCESS THE RECORD

The Fifth Amendment guarantees that litigants receive a meaningful opportunity to be heard.

Without access to:

filings,

orders,

or docket entries,

Appellant cannot participate in the appellate process. This constitutes a procedural due process violation, as the proceedings continue without Appellant having the ability to engage.

4

## V. DISPARATE TREATMENT COMPARED TO INCARCERATED LITIGANTS

Federal courts, through statute and practice under 28 U.S.C. § 1915, have established structured mechanisms ensuring that incarcerated litigants proceeding in forma pauperis retain continuous access to the courts, including:

access to filings and court communications,

installment-based fee structures rather than outright exclusion,

procedural safeguards preventing default due to indigency.

By contrast, Appellant—who is indigent and medically disabled—is presently:

locked out of the docket entirely,

unable to view filings,

unable to respond to opposing counsel,

and subject to accumulating financial barriers while IFP status remains unresolved.

This creates a stark inequity:

a non-incarcerated indigent litigant is placed in a worse procedural posture than incarcerated individuals, despite the same statutory framework intended to guarantee equal access.

The Constitution does not permit a system in which financial incapacity results in total exclusion from judicial proceedings.

## VI. EQUITABLE AND SUPERVISORY RELIEF IS WARRANTED

This Court retains inherent authority to ensure fairness in its proceedings. Where

administrative or financial barriers interfere with a litigant's ability to prosecute an

appeal, courts routinely grant equitable relief, including:

extensions of time,

access accommodations,

and fee-related relief pending determination of indigency.

The present circumstances warrant such intervention.

RELIEF REQUESTED

Appellant respectfully requests that this Court:

Order immediate temporary restoration of PACER access;

Waive or suspend PACER fees pending resolution of Appellant's IFP application;

Direct the Clerk to provide copies of all docket entries and filings at no cost during

the pendency of IFP determination;

Expedite ruling on Appellant's IFP motion;

Extend all deadlines until Appellant's access is restored;

Grant any further relief the Court deems just and proper.

EMERGENCY REQUEST

Appellant requests that this motion be treated as an emergency under Ninth Circuit Rule 27-3, as ongoing denial of access continues to cause irreparable procedural harm.

CONCLUSION

Appellant is presently excluded from meaningful participation in her own appeal due to financial barriers and unresolved IFP status. Immediate relief is necessary to preserve her constitutional right of access to the courts and ensure the integrity of these proceedings.

Respectfully submitted,

/s/ Leslie Joy Mintz, M.D.
Leslie Joy Mintz, M.D.
Pro Se Appellant
Mailing Address:
2556 Purvis Dr.
Burbank, CA 91504
Telephone: 805-280-6386
Email: ciriusproblem@iCloud.com

8

CERTIFICATE OF SERVICE

I certify that on this date, I served a copy of this Motion on all parties or their counsel of record via the Court's electronic filing system or by U.S. Mail where required.

Date: 3/22/26

/s/ Leslie Joy Mintz, M.D.