UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESLIE JOY MINTZ, M.D.,

Plaintiff–Appellant,

v.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant–Appellee.

Case No. 25-6037

APPELLANT'S MOTION FOR LEAVE TO FILE OPPOSITION OUT OF TIME

AND OPPOSITION TO APPELLEE'S MOTION OPPOSING INJUNCTIVE RELIEF

I. INTRODUCTION

Plaintiff–Appellant Leslie Joy Mintz, M.D., appearing pro se, respectfully moves for

leave to file the attached opposition to Appellee's motion opposing Appellant's request

for injunctive relief.

1

Appellant did not have actual or effective notice of Appellee's motion or any applicable response deadline due to circumstances outside her control, including loss of PACER access, inability to access the docket, temporary lack of access to a computer during relocation, and ongoing efforts to obtain legal assistance.

Appellant acted promptly upon learning that a response was required and submits this opposition concurrently.

## II. BASIS FOR LEAVE TO FILE OUT OF TIME

### A. Lack of Access to PACER and Docket

Appellant has been locked out of PACER due to an outstanding balance while her application to proceed in forma pauperis remains pending. As a result, Appellant has been unable to view docket entries, access filings, or determine when motions were filed or when responses were due.

### B. Relocation and Lack of Computer Access

During the relevant period, Appellant was required to relocate and did not have access to a computer or reliable means to review court filings.

## C. Good Faith Efforts to Obtain Counsel

Appellant made good faith efforts to obtain legal representation and provided case materials to a potential attorney for review, but did not receive confirmation of representation.

## D. Additional Confusion and Disruption

Appellant also received multiple unsolicited communications from law firms during this period, which contributed to confusion regarding the status of representation and filings.

## E. Lack of Notice

Because Appellant could not access the docket or review Appellee's motion, she did not have actual or effective notice that a response deadline had been triggered.

## F. Prompt Action and Lack of Prejudice

Appellant acted promptly upon learning of the need to respond. Allowing this filing will not prejudice Appellee.

## III. REQUEST FOR LEAVE

Appellant respectfully requests that this Court grant leave to file the attached opposition out of time and accept it as timely filed.

## IV. OPPOSITION TO APPELLEE'S MOTION

Appellee's opposition rests on assertions that (1) the appeal is untimely, (2) Appellant cannot demonstrate likelihood of success, and (3) no irreparable harm exists. These assertions are disputed.

### A. Jurisdictional Argument Does Not Preclude Relief

The issue of timeliness is the subject of a separate pending motion and has not been resolved. It should not be used to deny interim relief at this stage, particularly where issues of notice and access to the docket remain unresolved.

### B. Targeted Response to "Untimely Appeal" Assertion

4

Appellee's claim that the appeal was filed 95 days after judgment fails to account for issues affecting notice and access. Where a litigant lacks meaningful access to the docket, strict enforcement of timing rules should not be applied without first resolving those underlying access issues.

C. Disputed Facts Regarding Payment of Benefits

Appellee asserts that Appellant received all benefits payable under the policy.

This assertion is directly disputed. Appellant testified under oath on March 10, 2025, that there was a substantial discrepancy in payments, including a monthly amount of approximately $9,860, which was not properly paid over an extended period, resulting in damages estimated at approximately $1.5 million.

Appellee's characterization of benefits as fully paid is therefore contradicted by sworn testimony and the factual record developed in the district court proceedings.

Appellant has not yet been provided with the transcript of the March 10, 2025 proceeding, further limiting her ability to present the full record on appeal. The absence of the transcript should not be construed against Appellant.

D. Likelihood of Success on the Merits

Appellant's claims raise substantial issues, including disputed facts regarding payment of benefits and procedural irregularities in the underlying proceedings.

Appellant's in forma pauperis applications in the district court were denied, and Appellant was required to proceed under significant resource limitations.

Appellant also filed a motion for recusal of the district judge based on concerns regarding fairness and impartiality.

These circumstances demonstrate that the appeal presents serious and non-frivolous issues.

E. Irreparable Harm

Appellant continues to suffer ongoing financial harm arising from the alleged underpayment of benefits.

Appellant's ability to prosecute this appeal has also been impaired by lack of access to PACER and the docket.

## F. Balance of Equities and Public Interest

The balance of equities favors Appellant, and the public interest supports ensuring meaningful access to appellate review.

## G. Incomplete Characterization of the Record

Appellee's opposition relies on the district court's conclusions while disregarding disputed facts, sworn testimony, and the absence of a complete record.

## V. CONCLUSION

Appellant respectfully requests that this Court:

1. Grant leave to file this opposition out of time;

2. Accept the opposition as timely filed;

3. Deny Appellee's motion opposing injunctive relief; and

4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,


/s/ Leslie Joy Mintz, M.D.
Leslie Joy Mintz, M.D.
Pro Se Appellant

2556 Purvis Dr.
Burbank, CA 91504
Telephone: 805-280-6386
Email: [ciriusproblem@iCloud.com](mailto:ciriusproblem@iCloud.com)


DATED: March 27, 2026


CERTIFICATE OF SERVICE


I certify that on this date, I served a copy of this Motion and Opposition on all parties or

their counsel of record via the Court's electronic filing system or by U.S. Mail where

required.


/s/ Leslie Joy Mintz, M.D.