UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

Leslie Joy Mintz, M.D.,

Plaintiff-Appellant,

v.

The Northwestern Mutual Life Insurance Company,

Defendant-Appellee.

Case No. 25-6037

EMERGENCY MOTION FOR IMMEDIATE RELIEF: COMPLETE DENIAL OF DOCKET

ACCESS DURING ACTIVE LITIGATION AND ABEYANCE STATUS

## I. EMERGENCY RELIEF REQUIRED

Immediate intervention is necessary because Plaintiff-Appellant is currently unable to access the

Court's docket while this appeal is held in abeyance pending determination of her motion to

proceed in forma pauperis ("IFP"), and while active motion practice is ongoing.

Plaintiff-Appellant has filed a motion seeking injunctive relief to restore benefits pending appeal.

Defendant-Appellee filed an opposition, and Plaintiff-Appellant filed a reply, albeit late due to

unforeseen circumstances.

Plaintiff-Appellant cannot determine whether any further filings have been made, whether any

orders have issued, whether the abeyance has been lifted, or whether any deadlines are currently

running.

Plaintiff-Appellant is therefore being required to litigate without meaningful notice of the status of her case.

## II. COMPLETE DENIAL OF DOCKET ACCESS

Plaintiff-Appellant's PACER access has been entirely suspended. Plaintiff-Appellant has been informed that unless the outstanding PACER balance, now exceeding $400, is paid, access to the PACER docket will not be restored.

As a result, Plaintiff-Appellant cannot:

view docket entries;

access filings or orders;

confirm whether submissions have been docketed;

use the PACER search function; or

monitor opposing filings.

This constitutes a complete denial of access to the record of appellate proceedings.

## III. LONG-STANDING PACER USE AND ABRUPT LOSS OF ACCESS

Plaintiff-Appellant has maintained and used PACER for decades, dating back to approximately 2001, including during the operation of the website californiamedicalboard.org.

Plaintiff-Appellant is therefore familiar with PACER's structure, access requirements, and ordinary account practices.

Against that background, the abrupt and complete suspension of access during the pendency of this appeal, without effective notice and without any effective alternative means of accessing the

docket, represents a significant departure from Plaintiff-Appellant's prior experience with the system.

This sudden loss of access has occurred at a critical stage of active litigation and has directly resulted in Plaintiff-Appellant's inability to monitor or participate in her own case.

## IV. MULTIPLE PACER ACCOUNTS AND ESCALATING BALANCES

Plaintiff-Appellant has maintained at least three separate verified PACER accounts in an effort to access the docket and continue litigating this case.

An initial account reflected an outstanding balance of approximately $90.80, which Plaintiff-Appellant was unable to pay due to indigency.

Plaintiff-Appellant subsequently created another PACER account, which reflected a balance of approximately $348.70.

Following these events, access was suspended across accounts, resulting in a complete inability to access the docket. This was confirmed through communications with the PACER Service Center.

These actions reflect good-faith efforts to maintain access, not avoidance of obligations.

Nevertheless, Plaintiff-Appellant is now entirely excluded from the docket.

## V. SUDDEN SUSPENSION WITHOUT NOTICE AND WITHOUT ALTERNATIVE ACCESS

The loss of PACER access occurred without effective advance notice that would reasonably inform Plaintiff-Appellant that she would be entirely cut off from docket access in an active appellate matter.

Any notification was not reasonably received or recognized prior to the suspension of access. Plaintiff-Appellant has been unable to restore access or create any alternative means of electronic access.

The timing—during an active appeal, while the case is held in abeyance, and while motion practice is underway—has the practical effect of eliminating Plaintiff-Appellant's ability to monitor or participate in her own case.

## VI. DISTRICT COURT DENIAL OF FINANCIAL RELIEF AND CONTINUING INDIGENCY

Plaintiff-Appellant was granted a fee waiver at the State Superior Court level. During federal proceedings, Plaintiff-Appellant proceeded under the understanding that her demonstrated indigency would be considered.

However:

IFP status was denied;

no relief was granted with respect to transcript costs; and

no accommodation was made regarding PACER access.

Plaintiff-Appellant remains unable to pay PACER fees.

Accordingly, Plaintiff-Appellant's financial status now operates as a direct barrier to accessing the Court's docket. See Bounds v. Smith, 430 U.S. 817, 821–22 (1977).

## VII. PENDING IFP MOTION IN THIS COURT WITH NO RULING

Plaintiff-Appellant filed a motion to proceed in forma pauperis in this Court several months ago.

To date, no ruling has issued.

Because the case is held in abeyance pending that determination, and because Plaintiff-Appellant cannot access the docket, Plaintiff-Appellant cannot determine whether the motion remains pending or whether the procedural posture has changed.

## VIII. ACTIVE LITIGATION PROCEEDING WITHOUT ACCESS

Substantive motion practice is ongoing:

Plaintiff-Appellant filed a motion for injunctive relief;

Defendant-Appellee filed an opposition; and

Plaintiff-Appellant filed a reply.

However, Plaintiff-Appellant cannot access the docket to determine whether any additional filings have been made or whether the Court has ruled.

## IX. LACK OF PUBLICLY ACCESSIBLE APPELLATE INFORMATION

Plaintiff-Appellant has attempted to obtain information regarding this appeal through publicly available legal research tools, including Westlaw.

Those efforts yielded District Court rulings but no meaningful accessible record of this appellate proceeding.

Combined with the loss of PACER access, Plaintiff-Appellant has no effective means of determining the status of her case.

## X. INABILITY TO OBTAIN COUNSEL

Plaintiff-Appellant has made repeated efforts to obtain legal representation. Those efforts have been unsuccessful, and Plaintiff-Appellant is proceeding pro se.

## XI. DUE PROCESS VIOLATION

Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). A litigant who cannot access the docket, cannot determine case status, and cannot monitor active litigation is deprived of both notice and the opportunity to be heard.

## XII. IRREPARABLE PREJUDICE

The prejudice is immediate and ongoing:

motions may be decided without Plaintiff-Appellant's knowledge;

deadlines may expire without awareness; and

obligations may arise without notice.

## XIII. NEED FOR PROMPT RESOLUTION OF PENDING IFP MOTION

Plaintiff-Appellant respectfully submits that prompt resolution of the pending motion to proceed in forma pauperis is necessary to resolve the present access barrier.

The IFP motion has been pending for several months while the case remains in abeyance. During that time, Plaintiff-Appellant has been unable to access the docket and cannot determine the status of the appeal or any obligations that may arise.

Resolution of the IFP motion would clarify the procedural posture of the case and, if granted, may alleviate the financial barrier currently preventing access to the Court's docket. If denied, Plaintiff-Appellant would have notice of the Court's determination and be able to take appropriate next steps.

In its current posture—where the IFP motion remains pending and docket access is unavailable—Plaintiff-Appellant is unable to meaningfully participate in the appellate process.

XIV. REQUEST FOR RELIEF

Plaintiff-Appellant respectfully requests that the Court:

Confirm the current procedural status of the case;

Promptly rule on Plaintiff-Appellant's pending motion to proceed in forma pauperis;

Order immediate tolling of all deadlines until Plaintiff-Appellant confirms restored access to the docket;

Direct the Clerk of Court to provide access to the docket, including temporary PACER access notwithstanding any outstanding balance or direct transmission of docket entries and recent filings;

Permit alternative filing methods if necessary; and

Ensure that no adverse consequences result from the current lack of access.

XV. CONCLUSION

Plaintiff-Appellant, a long-time PACER user, has been abruptly deprived of all docket access while this appeal remains pending and subject to active litigation.

This constitutes a functional denial of access to the Court.

Immediate intervention is required.

Dated: April 6, 2026

Respectfully submitted,

/s/ Leslie Joy Mintz, M.D.

Plaintiff-Appellant, Pro Se

2556 Purvis Dr.

Burbank, CA 91504

ciriusproblem@icloud.com