UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LESLIE JOY MINTZ,

Plaintiff-Appellant,

v.

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant-Appellee.

Case No. 25-6037

APPELLANT'S EMERGENCY MOTION FOR INJUNCTIVE AND

ANCILLARY RELIEF PENDING APPEAL

Plaintiff-Appellant Leslie Joy Mintz ("Appellant"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 8(a) and the Court's inherent equitable authority for emergency injunctive and ancillary relief pending appeal.

## I. INTRODUCTION

Appellant is a formerly board-certified, double-fellowship-trained orthopedic spine and pediatric orthopedic surgeon suffering from progressive cervical and lumbar spinal disease, chronic neurologic impairment, escalating functional decline, severe

1

chronic pain, and substantial financial hardship following termination of longstanding disability benefits.

Appellant's medical condition has significantly worsened during the pendency of this litigation and appeal. Recent medical intervention, including lumbar facet injections performed during the week of this filing, provided partial symptomatic relief but further underscores the severity and progression of Appellant's spinal pathology and neurologic deterioration.

Appellant is presently awaiting a May 13, 2026 preoperative consultation with treating fellowship-trained neurosurgeon Joel Beckett, M.D., concerning planned cervical disc arthroplasty utilizing the recently FDA-approved Synergy cervical disc prosthesis in the setting of prior cervical spine surgery and ongoing neurologic decline.

Absent emergency intervention, Appellant faces continuing irreparable harm, including worsening neurologic compromise, progressive disability, inability to maintain medically stable living conditions, inability to secure appropriate supportive care, and impaired ability to prosecute this appeal effectively.

II. PROCEDURAL BACKGROUND

This action originated in the United States District Court for the Central District of California, Case No. 2:24-cv-05494-MRA (MAAx).

Final judgment dismissing the action with prejudice was entered on June 13, 2025.

Appellant subsequently pursued appellate relief in the Ninth Circuit Court of Appeals, Case No. 25-6037.

This matter has now been ongoing for nearly two years without settlement discussions or trial despite Appellant's repeated request for trial proceedings.

Appellant has repeatedly sought in forma pauperis relief, appointment of counsel, and related appellate access while suffering substantial financial hardship, worsening medical impairment, transportation instability, and restricted PACER access.

Appellant has not received meaningful legal representation during the pendency of this matter. Appellant has been unable to retain counsel despite repeated efforts and has largely proceeded without attorney assistance other than limited procedural guidance previously received through Public Counsel during district court proceedings.

Appellant further states that much of Appellant's legal research and drafting assistance has necessarily been obtained through artificial intelligence resources due to inability to secure traditional legal representation. Appellant further contends that reliance upon such resources without meaningful attorney guidance at times resulted in confusion, inconsistent procedural understanding, and potentially inaccurate information affecting Appellant's ability to litigate effectively as a pro se party.

Appellant further contends that substantial factual disputes and procedural irregularities remain unresolved concerning interpretation of medical evidence, characterization of neurologic symptoms, and administration of disability benefits. Appellant additionally notes that the only motion substantially granted during district court proceedings involved subpoena-related issues concerning Medical Board materials previously requested by Appellant.

III. TIMELINESS AND EXTRAORDINARY CIRCUMSTANCES

Appellant acknowledges that timeliness issues concerning the Notice of Appeal have been raised during the pendency of these proceedings.

However, Appellant has previously submitted multiple filings explaining the extraordinary circumstances surrounding the delayed filing, including severe medical impairment, progressive neurologic deterioration, substantial functional limitations, transportation instability, and restricted litigation access during the relevant post-judgment period.

Appellant further contends that the loss and destruction of Appellant's vehicle during the relevant time period materially impaired transportation, communication, and the ability to effectively respond to ongoing legal and medical demands.

Appellant respectfully submits that these extraordinary circumstances substantially impaired Appellant's ability to respond promptly and effectively during the post-judgment period.

The present emergency motion is directed primarily toward preservation of Appellant's health, safety, stability, and meaningful access to appellate review while jurisdictional and procedural issues remain under consideration.

## IV. CURRENT MEDICAL CONDITION

Appellant is a formerly practicing orthopedic surgeon with fellowship training in both pediatric orthopedics and spine surgery.

Appellant currently suffers from severe multilevel spinal disease with progressive neurologic symptoms, including cervical instability, upper-extremity weakness, tremor with lifting, gait dysfunction, chronic pain, worsening functional impairment, and increasing difficulty performing activities of daily living.

Recent lumbar facet injections provided substantial but incomplete symptomatic relief. Significant neurologic symptoms nevertheless remain ongoing and unresolved.

Appellant's deteriorating condition substantially impairs mobility, physical endurance, daily functioning, and the ability to litigate effectively absent meaningful financial and medical support.

## V. CURRENT FINANCIAL AND FUNCTIONAL INSTABILITY

Appellant has survived for approximately four years primarily on Social Security benefits following termination of longstanding disability support.

Appellant's current Social Security income remains materially below the level of benefits previously provided under the disability policy, including the policy's Social Security substitute component, thereby contributing to ongoing financial hardship, housing instability, impaired access to medical care, and deterioration in daily functioning.

Appellant additionally faces instability in daily living assistance and housing support. Although in-home supportive services ("IHSS") assistance has ostensibly been authorized, Appellant contends that meaningful support services have not been consistently provided despite worsening neurologic and functional limitations.

As a result, Appellant's ability to maintain safe and stable living conditions has deteriorated substantially during the pendency of this litigation and appeal.

Appellant respectfully submits that temporary reinstatement of ongoing disability payments is necessary to prevent further deterioration in health, housing instability, interruption of medical care, and loss of functional independence while appellate review remains pending.

## VI. IRREPARABLE HARM

Irreparable harm exists where ongoing injury cannot adequately be remedied through later monetary damages alone.

See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Appellant's worsening neurologic impairment, chronic pain, progressive physical dysfunction, and inability to obtain stable medical and supportive care constitute ongoing irreparable injury.

Additionally, prolonged financial deprivation has caused substantial hardship and instability affecting Appellant's medical treatment, housing circumstances, transportation, and daily functioning.

The combination of progressive neurologic decline, pending cervical surgical intervention, lack of stable support services, transportation instability, and severe financial hardship constitutes an emergency circumstance warranting immediate equitable intervention.

## VII. LIKELIHOOD OF SUCCESS AND SERIOUS QUESTIONS

Appellant respectfully submits that substantial factual and legal questions remain unresolved concerning interpretation of medical evidence, characterization of neurologic symptoms, procedural fairness, and administration of disability benefits.

See Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008) (recognizing structural conflicts where an insurer both evaluates and pays claims).

Appellant further contends that the present appeal raises substantial questions regarding the evaluation of Appellant's physical and neurologic condition during the underlying disability determination process.

At minimum, the appeal raises sufficiently serious legal questions warranting preservation of the status quo pending appellate review.

## VIII. BALANCE OF EQUITIES AND PUBLIC INTEREST

The balance of equities strongly favors Appellant, who faces continuing neurologic deterioration, severe chronic pain, functional decline, unstable support conditions, and significant financial hardship.

By contrast, temporary equitable relief pending appellate review would impose comparatively limited hardship upon Defendant-Appellee.

The public interest favors meaningful access to courts and protection against irreparable medical and financial harm during the appellate process.

## IX. REQUEST FOR RELIEF

WHEREFORE, Appellant respectfully requests that this Court:

Grant temporary injunctive relief pending appeal directing reinstatement of ongoing disability benefit payments during the pendency of appellate proceedings;

Expedite consideration of Appellant's previously filed motions for injunctive relief and Defendant-Appellee's related opposition filings already before this Court;

Expedite consideration of pending motions concerning in forma pauperis status and appellate access;

8

Grant such ancillary relief as necessary to preserve Appellant's health, safety,

housing stability, medical care, and meaningful access to appellate review;

Reserve issues relating to disputed past benefits, damages, offsets, and backpay for

later adjudication on the merits;

Grant any additional relief the Court deems just and proper.

DATED: May 9, 2026

Respectfully submitted,

/s/Leslie Joy Mintz
Plaintiff-Appellant, Pro Se
2556 Purvis Dr.
Burbank, CA 91504
Telephone: 805-280-6386
Email: ciriusproblem@iCloud.com